IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ERVIN,<br><br>    Plaintiff,<br><br>   v.<br><br>JUDICIAL COUNCIL OF CALIFORNIA, SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO, PATRICIA C. ESGRO, FRAMERS INSURANCE EXCHANGE, ROBERT W. BRANNEN, JAMES S. MCWHORTER, DEBORAH A. CORRELL and DOES 1 through 5,<br><br>    Defendants.<br>_____/ | No. C 06-7479 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Defendants Judicial Council of California, Superior Court of California, and the Honorable Patricia C. Esgro (together, Judicial Defendants) move to dismiss this action on the grounds of improper venue, or, in the alternative, to transfer this action based on convenience of the parties and witnesses and in the interests of justice to the Eastern District of California pursuant to 28 U.S.C. §§ 1404 and 1406.[1]  Plaintiff Gary Ervin opposes the motion. Having considered all of the papers filed by the parties, the Court

---

[1] As discussed below, the claims against Defendants Farmers Insurance Exchange, Robert W. Brannen, James S. McWhorter and Deborah A. Correll are dismissed.

1  GRANTS the motion to dismiss and denies the motion to transfer.

## BACKGROUND

On October 4, 2004, Plaintiff filed a complaint in this Court (Pl.'s October 2004 Complaint) in <u>Ervin v. Virga</u>, et al., C 04-03754 CW, which alleged that he has a heart murmur that was aggravated by the Sacramento County Superior Court's (SCSC) law and motion system.  He brought causes of action against the SCSC for violating Title II of the Americans with Disabilities Act (ADA), and other causes of action against various judges and court personnel for, among other things, misconceiving Plaintiff as insane, coercing him into settling his grievance, stealing and tampering with court records, and insulting Plaintiff by using the words "confusing" and "absurdity."  He likens those terms to racial slurs.  Pl.'s October 24 Complaint at ¶¶ 9-19.

On October 25, 2004, this Court transferred the case to the Eastern District of California, after which Plaintiff voluntarily dismissed it without prejudice to refiling.  C 04-03754 CW, Docket No. 11; Defs' Mot. to Dismiss 1:13-1:17.  On November 22, 2004, Plaintiff filed a second complaint in the Northern District captioned <u>Ervin v. Judicial Council et al.</u>, case no. CV-04952 MJJ (Pl.'s November 2004 Complaint).  This complaint was based on the same facts as Plaintiff's October 2004 Complaint, and was assigned to the Honorable Martin Jenkins.  Pl.'s Mot. 2:1-2:8; Defs' Mot. to Dismiss 1:13-1:23, Ex. B.  Plaintiff's November 2004 Complaint was likewise transferred to the Eastern District.  CV-04952 MJJ, Docket No. 20.  The Eastern District court dismissed Plaintiff's November

2

2004 Complaint with leave to amend. Defs' Mot. to Dismiss, Ex. C. The Eastern District court later dismissed with prejudice the action against Defendants Judicial Council and Superior Court of California. Defs' Mot. to Dismiss, Ex. D. Plaintiff is presently appealing the Eastern District court's dismissal in the Ninth Circuit, Appeal No. 06-17374. Pl.'s Request for Judicial Notice.[2]

On December 6, 2006, Plaintiff filed his complaint in the instant case, C 06-7479 CW (Pl.'s December 2006 Complaint). On January 3, 2007, he filed a first amended complaint (FAC). His FAC re-alleges the facts and causes of action from his October 2004 complaint, see FAC at ¶¶ 8-18, and adds a second claim of fraud against Farmers Insurance Exchange and its in-house counsel, Robert W. Brannen, James S. McWhorter, and Deborah A. Correll, arising from the resolution of the original lawsuit that brought Plaintiff into the SCSC system.[3] Pl.'s FAC at ¶¶ 20-25. On January 19, 2007, the Judicial Defendants filed a notice of related cases indicating that this case is related to Ervin v. Virga, et al., C 04-03754 CW. Docket No. 6. On January 26, 2007, the Court related the cases.[4] Docket No. 10.

---

[2] The Court grants Plaintiff's request for judicial notice of his pending Ninth Circuit appeal. See F.R.E. 201.

[3] Plaintiff requests that the Court dismiss with prejudice his second cause of action against Defendants Farmers Insurance Exchange and its in-house counsel. The Court grants this request. The claims against Farmers Insurance and its in-house counsel are dismissed with prejudice.

[4] Plaintiff moves to reverse this Court's January 26 order relating the cases. (Docket # 11). In an order filed

3

DISCUSSION

Defendants move to dismiss the action for improper venue, or, in the alternative, to transfer it to the Eastern District of California. They argue that venue is improper here because all Defendants except the Judicial Council, as well as Plaintiff himself, are residents of the Eastern District and all the witnesses are located in the Eastern District. The place of the alleged injury is also in the Eastern District. Defendants assert that the Judicial Council, which has offices in both Sacramento and San Francisco, is a sham defendant included solely for the purpose of creating venue[5] in this district, and that the FAC does not even allege that the Judicial Council was asked and refused to provide the accommodation Plaintiff sought under the ADA. Alternatively, Defendants argue that this case should be transferred based on convenience to the parties. Plaintiff responds that he wants to litigate in the Northern District because there are Alternative Dispute Resolution (ADR) proceedings in this district available early in the case whereas the Eastern District does not provide

---

concurrently with the instant order, the Court denies this motion.

[5] Defendants argue that Plaintiff improperly sues the Judicial Council to create jurisdiction in this district. However, Defendants confuse jurisdiction with venue. This Court has subject matter jurisdiction over Plaintiff's claim because it arises under the ADA. Therefore, venue, not jurisdiction is at issue.

4

early ADR proceedings.[6]

Because the ADA confers federal question jurisdiction, diversity is not the basis for jurisdiction.  Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, venue does not lie under § 1391(b)(2) because all the events and omissions giving rise to the claim occurred in the Eastern District of California.  Venue does not lie under § 1391(b)(3) because this action may be brought in the Eastern District of California.  Therefore, venue would be proper in this district only if § 1391 (b)(1) applies.  However, the only Defendant with any connection to the Northern District of California is the Judicial Council.  The complaint makes the

---

[6] In his opposition, Plaintiff argues that Rule 1.100 of the California Rules of Court constitutes California's consent to ADA Title II actions being brought against California judges.  In their reply, Defendants argue that Rule 1.100 is inapplicable, but that the claims against Judge Esgro must be dismissed on the ground of judicial immunity. Because Defendants raised this argument only in their reply and this case is being dismissed, this Court will not address whether the claims against Judge Esgro should be dismissed with prejudice.

5

following allegations about the Judicial Council: (1) in ¶ 6, the complaint describes the Judicial Council as a public entity located and resident in the City and County of San Francisco; (2) in ¶ 16, the complaint alleges that Plaintiff requested that Defendant Superior Court Judge Esgro provide that Plaintiff's case be assigned to the "one judge assigned for all purposes" program or that Judge Esgro ask that the Judicial Council assign Plaintiff's case to a "one judge provided for all purposes" program; and (3) in ¶ 18, the complaint alleges that Plaintiff seeks assignment to the "one judge assigned for all purposes" program in the Sacramento superior court and that the Judicial Council could provide this program. In terms of relief, in ¶ 26, Plaintiff requests that the Court enjoin Defendants Judicial Council, Sacramento Superior Court and Judge Esgro from denying Plaintiff access to the "one judge assigned for all purposes" program.

Thus, as pointed out by Judicial Defendants, the complaint fails to allege that the Judicial Council was asked and refused to provide the accommodation Plaintiff sought under the ADA. Plaintiff fails to respond to this argument. Under the allegations in the complaint, therefore, Plaintiff has not stated a cause of action against the Judicial Council, nor could he do so. Therefore, the inclusion of the Judicial Council does not provide venue in this district under § 1391(b)(1).

Therefore, the Court must analyze whether venue is proper without considering the Judicial Council as a defendant. As discussed previously, without the Judicial Council, all parties to this action reside in the Eastern District of California and all

6

the events and omissions giving rise to Plaintiff's claim occurred in the Eastern District of California. Therefore, under § 1391(b), the Eastern District is the only district in which venue is proper for this lawsuit.

Under 28 U.S.C. § 1406(a), when a case is filed in a district in which venue is improper, the court may dismiss the case, or transfer it, if it be in the interest of justice. The Court notes that this is the third time Plaintiff has filed this case, based on the same allegations, improperly in this district. The previous two times, the case was transferred to the Eastern District. Therefore, the Court concludes that the interests of justice require that this case be dismissed and not transferred.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss without prejudice to filing any non-duplicative claims in the Eastern District of California. The Court denies the motion to transfer.

IT IS SO ORDERED.

Dated: 5/18/07

_____
CLAUDIA WILKEN
United States District Judge

7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ERVIN et al,

        Plaintiff,

v.

JUDICIAL COUNCIL OF CALIFORNIA et al,

        Defendant.

Case Number: CV06-07479 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 18, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anne L. Thompson
David Bruce Owen
Nemecek & Cole
15260 Ventura Boulevard
Suite 920
Sherman Oaks,  CA 91403-5399

Gary  Ervin
4977 Hillhurst Drive
Fair Oaks,  CA 95628

Thomas A. Blake
State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco,  CA 94102-7004

Dated: May 18, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

8