FILED
MAY 18 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY ERVIN,

    Plaintiff,

    v.

JUDICIAL COUNCIL OF CALIFORNIA; SUPERIOR COURT OF CALIFORNIA; COUNTY OF SACRAMENTO; PATRICIA C. ESGRO; and DOES 1 through 5,

    Defendants.

                                /

No. C 06-7479 CW

ORDER DENYING PLAINTIFF'S MOTION TO REVERSE ORDER RELATING CASES

Plaintiff Gary Ervin moves for administrative relief to reverse this Court's January 26, 2007 order relating this case to Ervin v. Virga, et al., C 04-03754 CW. The Court construes this as a motion to reconsider the January 26 Order. Defendants have not filed an opposition. Having considered Plaintiff's papers, the Court DENIES the motion.

BACKGROUND

On October 4, 2004, Plaintiff filed his first amended complaint (Pl.'s First Complaint) in Ervin v. Virga, et al., which alleged that he has a heart murmur which was aggravated by the

1  Sacramento County Superior Court's (SCSC) law and motion system.
2  FAC at ¶ 7, 8.  He brought causes of action against the SCSC for
3  violating Title II of the Americans with Disabilities Act (ADA),
4  and other causes of action against various judges and court
5  personal for, among other things, misconceiving Plaintiff as
6  insane, coercing him into settling his grievance, stealing and
7  tampering with court records, and insulting Plaintiff by using the
8  words "confusing" and "absurdity," likening those terms to racial
9  slurs.  Pl.'s First Complaint at ¶¶ 9-19.
10      On October 25, 2004, the Court transferred the case to the
11 Eastern District of California, after which it was voluntarily
12 dismissed by Plaintiff without prejudice to refiling.  C 04-03754
13 CW, Docket No. 11; Pl.'s Mot. 2:1-2:8; Def.'s Mot. to Dismiss 1:13-
14 1:17.  On November 22, 2004, Plaintiff filed a complaint on the
15 same facts (Pl.'s Second Complaint) in the Northern District, as
16 Ervin v. Judicial Counsel et al., case no. CV-04952 MJJ, and was
17 assigned to the Honorable Martin Jenkins.  Pl.'s Mot. 2:1-2:8;
18 Def.'s Mot. to Dismiss 1:13-1:23, Ex. B.  Plaintiff's Second
19 Complaint was again transferred to the Eastern District.  CV-04952
20 MJJ, Docket No. 20.  The court in the Eastern District dismissed
21 Plaintiff's Second Complaint with leave to amend.  Def's Mot. to
22 Dismiss 1:18-2:4.  Plaintiff is now apparently appealing the
23 dismissal in the Ninth Circuit, as Appeal No. 06-17374.  Id.; Pl.'s
24 Request for Judicial Notice.
25      On January 3, 2007, Plaintiff filed his first amended
26 complaint (Pl.'s Third Complaint) in the instant case, C 06-7479
27 CW.  In it, he re-alleges the facts and causes of action from Ervin

28                                 2

1  v. Virga, et al., Pl.'s Third Complaint at ¶¶ 8-18, and adds fraud
2  claims against his lawyers and his insurance company arising from
3  the resolution of the original lawsuit that brought Plaintiff into
4  the SCSC system, as a defendant, and began the series of events
5  that is the factual basis for Ervin v. Virga, et al. and this case.
6  Pl.'s Third Complaint at ¶¶ 20-25.  On January 19, 2007, Defendants
7  filed a notice of related cases regarding Ervin v. Virga, et al., C
8  04-03754 CW, and the instant case.  On January 26, 2007, the Court
9  related the cases.  Docket No. 10.

DISCUSSION

11  Plaintiff moves the Court to reverse the January 26 Order
12 relating the cases on the grounds that (1) the cases are not
13 "substantially" similar; (2) he was not properly served; (3) he was
14 not given a chance to respond; (4) the Court acted prematurely; and
15 (5) the transfer of the earlier case, and Plaintiff's voluntary
16 dismissal of it without prejudice, leaves the case "moot for all
17 purposes including any related cases orders."
18 I.   Not "Substantially" Similar
19   Plaintiff asserts that because only one party is the same in
20 the two cases, and all the issues are different, Ervin v. Virga, et
21 al., and this cases are not "substantially" similar for the
22 purposes of Civil Local Rule 3-12(a).  Subsection (a) of Civil
23 Local Rule 3-12 defines cases as related when they "concern
24 substantially the same parties, property, transaction, or event"
25 and "[i]t appears likely that there will be an unduly burdensome
26 duplication of labor and expense or conflicting results if the
27 cases are conducted before different Judges."  Civil L.R. 3-12(a).

3

Plaintiff is incorrect that only one party is the same and all the issues are different in the two cases. Both actions arose from a lawsuit Plaintiff filed against his insurance company in the SCSC. Pl.'s Third Complaint at 2:17-2:23; Pl.'s First Complaint at 3:24-4:10. In <u>Ervin v. Virga, et al.</u>, Plaintiff decided to sue the court, staff, and judges because of the outcome of that case. In the instant case, he is suing the judicial council, the court, the judge, his lawyers, and his insurance company for the same issues under the ADA relating to his heart murmur, lack of accommodation, and disrespect for his claims. The only difference between the two cases is that in this case, Plaintiff added new parties and causes of action. Therefore, the Court finds Plaintiff's argument that the cases are not "substantially" similar to have no merit.

II.  Service

Plaintiff argues that he was not served "per the provisions of L.R. 3-12(b)." Civil Local Rule 3-12(b) requires that a related cases motion be served pursuant to Civil Local Rule 5-6. Civil L.R. 3-12(b). The relevant part of Civil Local Rule 5-6 provides that any paper presented for filing which must be served, must have a "certificate of service stating the date, place, manner of service, and the names street address or electronic address of the person served," signed under the penalty of perjury by the person who made service. Civil L.R. 5-6(a)(2). Attached to Defendants' related cases motion is a "declaration of service by U.S. mail," which complies with Civil Local Rule 5-6 and states that the declarant mailed a copy of the motion to Plaintiff's address on January 19, 2007. Decl. of Lorraine Smith. Civil Local Rule 5-5

4

requires that service by mail be made "3 days before the due date" of the paper being served. Civil L.R. 5-5(2).

A Civil Local Rule 3-12 motion does not have a due date; however, according to the rule, Plaintiff's opposition was due no later than the third day after the motion was filed, or on January 24, 2007. Civil L.R. 3-12(e); Civil L.R. 7-11. Considering Defendants placed Plaintiff's notice in the mail the same day the motion was filed, January 19, 2007, Plaintiff only had three business days to receive notice of the motion in the mail, read it and submit a timely opposition. Nevertheless, the Court is now considering on the merits Plaintiff's arguments against relating the cases; therefore, this argument is moot.

III. Opportunity to Respond

Plaintiff argues that he was not given an opportunity to respond as required by Civil Local Rule 3-12(e). That rule requires that an opposition to a related cases motion be filed in accordance with Civil Local Rule 7-11, which provides that an opposition to an administrative matter be filed no later than the third day after the motion was filed. Civil L.R. 3-12(e); Civil L.R. 7-11. Defendants' notice of related cases was filed on January 19, 2007, meaning Plaintiff's opposition was due on January 24, 2007. The Court's order came two days after that date, on January 26, 2007. Again, however, the Court is addressing on the merits Plaintiff's arguments against relating the cases in this motion; therefore, this argument is moot.

IV. The Court Acted Prematurely

Plaintiff argues that the Court acted "prematurely contrary to

the 10 court day rule after response is due provision of L.R. 3-12(f)(1)." Civil Local Rule 3-12(f)(1) requires the judge hearing a related cases motion to act on it within ten days after the response was due. Civil L.R. 3-12(f)(1). Plaintiff's opposition was due on January 24, 2007, and the Court's order relating the cases was filed on January 26, 2007. The order came two days after the Court could first act on the motion, and well within the ten day deadline required by Civil Local Rule 3-12(f)(1). Therefore, Plaintiff's argument that the Court acted prematurely fails.

V.    Transfer to Eastern District Renders Case "Moot"

Finally, Plaintiff argues that because this Court transferred the earlier-filed case to the Eastern District of California, it does not have the authority to relate the instant case to the earlier case. Plaintiff is mistaken. Plaintiff's argument that the Court lacks the authority to relate the cases is unpersuasive.

CONCLUSION

The order relating cases was proper and Plaintiff's motion to reverse it (Docket No. 11) is DENIED.

IT IS SO ORDERED.

Dated: MAY 1 8 2007

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ERVIN et al,

    Plaintiff,

v.

JUDICIAL COUNCIL OF CALIFORNIA et al,

    Defendant.
                                            /

Case Number: CV06-07479 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 18, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anne L. Thompson
David Bruce Owen
Nemecek & Cole
15260 Ventura Boulevard
Suite 920
Sherman Oaks, CA 91403-5399

Gary Ervin
4977 Hillhurst Drive
Fair Oaks, CA 95628

Thomas A. Blake
State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: May 18, 2007

                                        Richard W. Wieking, Clerk
                                        By: Sheilah Cahill, Deputy Clerk